### JOHN HELMS V. THE STATE.

No. 10320.   Delivered June 9, 1926.

Rehearing denied November 3, 1926.

1.—Possessing Intoxicating Liquor—Newly Discovered Evidence—No Statement of Facts.

Where there is no statement of facts in a record the court is without a guide to pass upon the merits of appellant's motion for a new trial on the ground of newly discovered evidence. Without the facts proven on the trial before us it is manifest the value of the alleged newly discovered evidence cannot be appraised.

#### ON REHEARING.

2.—Same—Record Corrected—Statement of Facts Considered.

On rehearing, it being made to appear that the statement of facts was properly filed with the district clerk, but not forwarded to this court with

the transcript, and it having been brought forward, the cause will now be considered in connection with the statement of facts.

**3.—Same—New Trial—Newly Discovered Evidence—Properly Refused.**

Where appellant, in his motion for a new trial, attaches two affidavits of witnesses who contradict the testimony offered by the state as to sales made by appellant of intoxicating liquor, such affidavits have no material weight, in the light of the fact that he was tried and convicted under an indictment charging him with the possession of intoxicating liquor, and not with its sale, and his motion for a new trial was properly overruled.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Judson C. Francis* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully possessing intoxicating liquor for the purpose of sale, punishment one year in the penitentiary.

The record contains neither statement of facts nor bills of exception.   In such condition nothing is presented to this court for review.   The motion for new trial avers newly discovered evidence, to which motion is attached the affidavit of the witnesses.   Without the facts proven on the trial before us it is manifest the value of the alleged newly discovered evidence cannot be appraised.

The judgment is affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is made to appear that the statement of facts was properly filed with the district clerk but not forwarded to this court with the transcript.   An examination of the facts discloses that, according to the state's witnesses, the appellant possessed a still and other equipment for the manufacture of intoxicating liquor; also a quantity of such liquor.   That he sold a quantity of intoxicating liquor to Ira Pate and another person was related by Mrs. Mary Pinkston.   Appellant admitted the possession but denied the ownership or use of the equipment.   He also denied the sale of intoxicants.

We find no bills of exceptions in the record, but there is attached to the motion for new trial the affidavits of two persons, one of which is signed by Lum Walker (by his mark), the other by Ira Pate. In both of these affidavits it is stated that the testimony of Mrs. W. L. Pinkston is false in that, as a matter of fact, appellant did not sell any liquor to Ira Pate, nor did he sell it to Lum Walker.

In his motion for new trial, appellant offered as an excuse for not calling the witnesses mentioned at the time of the trial that the indictment did not name the persons to whom the state claimed he had sold intoxicants. He was not charged with the sale of intoxicating liquor but with manufacturing and possessing it, and also for possessing equipment for its manufacture. In charging those offenses, the law did not require that it name any purchaser. The evidence that he sold it was admissible as bearing upon the issue of intent in possessing the still and liquor. The appellant's case seems to have been tried without counsel, but upon the motion for new trial he appeared by counsel. We are of the opinion that the diligence to secure the testimony was not shown, and that the trial judge did not abuse his discretion in overruling the motion for new trial. Under such circumstances, this court is not warranted in disturbing the judgment.

The motion for rehearing is overruled.

*Overruled.*